# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| TERRENCE REID, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:13-cv-00355-PPS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Terrence Reid was a prisoner at the Miami Correctional Facility when he was found guilty of trafficking with staff in violation of prison rules. As a result, the Disciplinary Hearing Body (DHB) deprived him of 60 days' earned credit time and demoted him a credit class. The Conduct Report in this case informed Reid that, "On July 28th, 2012 an investigation was begun into [his] involvement in trafficking with staff. A package of Tobacco was found in the women's restroom near Perimeter office. Through investigation and interviews in this case there is sufficient information to show and charge [him] as being the offender who was to receive the contraband tobacco." (Docket Entry 7-1 at 1.)

Reid raises three grounds for relief in this habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Two of his arguments get Reid nowhere, but one has merit. I'll address each.

First, he argues that he was denied access to the evidence against him, specifically statements and video evidence. Relatedly, he argues that he was denied the ability to present evidence at his hearing. When Reid was given a copy of the Conduct Report, he

requested two witnesses and a photo of the package of tobacco. (DE 7-2.) The photo was submitted to the DHB and Reid acknowledges that his two witnesses "were gained in writing," but he argues that he was denied the ability to cross examine them. (DE 1-1 at 11.) Reid's witnesses were largely unhelpful to his case; they really didn't have anything to add to the story. Here's what they said in full, starting with Tony Griffin:

> My name is Tony Griffin, and from my understanding Terrence had nuthin to do with nuthin. One day when me and Terrence went to lunch we had heard of someone that we both new got busted trafficking, we both never thought that person would try and put the blame on Terrance. Terrence never had nuthin to do with nuthin. [sic]

(DE 1-1 at 2.) The second witness, who shares last names with the Petitioner, is TeRon Reid. (It is unclear if they are related.) Here is what witness Reid had to say:

> Well from what I do no that is Mr. Terrence Reid is charged for trafficking which was not possible because at the point of time me and Terrence were on the same dorm and there was no possible way of movement and plus he didn't have anything in is posseion so I don't see how this charge even came by and also at the time me and Mr. Reid were called out for visit during this incident so the things hes being charged for are false acusation because none if it never happend. [sic]

(DE 1-1 at 6.)

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus, "[t]he requirements of due process are considerably relaxed in the setting of prison discipline . . . ." *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). One of the differences is that inmates in a prison disciplinary hearing have no right to confront

2

or cross examine witnesses. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) (The Supreme Court in "*Wolff* concluded that disciplinary boards need not place on the record all of the evidence that influences their decisions. The Court recognized that considerations of institutional security may militate against full disclosure."). Therefore, preventing Reid from cross-examining the witnesses was not a denial of due process. Reid's witnesses were given the opportunity to provide written statements, which they did, and those statements were part of the record at Reid's hearing. (DE 7-3, 7-4.) Nothing more is required.

In any event, an inmate is not denied due process if the denied witnesses' testimony would be irrelevant, repetitive, or unnecessary. *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Based on Reid's witnesses' written statements, their testimony would have addressed their opinions about whether Reid would traffick contraband, or whether it was logistically possible for him to get to where the contraband was stashed, but they didn't know any facts bearing on the actual situation at hand. Even gleaning from their statements the few facts there are, and taking those as true, those facts aren't exculpatory. This is evident given the prison's Internal Affairs file, to which Reid has been denied access (I'll address that next). Their statements are conjecture and don't indicate relevant, objective, exculpatory facts, all of which makes those statements irrelevant.

Reid also argues that he was not permitted to see the confidential Internal Affairs file which included witness statements and video evidence against him. However, "prison officials are not required to disclose evidence that would unduly threaten institutional

3

safety." *Jones v. Cross*, 637 F.3d 841, 847-48 (7th Cir. 2011). Moreover, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Therefore, it was not a due process violation for the DHB to have prevented Reid from seeing the confidential Internal Affairs file which contains the details of how prison officials learned that he was supposedly the intended recipient of the tobacco found hidden in the restroom at the prison. After reviewing the Internal Affairs file, it is evident that there are important safety and security reasons for protecting both the investigative methods used and the individuals involved. (DE 8, sealed.) *See, e.g.*, *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) ("[T]he prison is understandably skittish about revealing an interview that likely discussed prison-security measures about which prisoners are best kept in the dark."). The same goes for the videos of interviews done in the course of the investigation and referred to in the Internal Affairs file.

Reid's third ground for seeking a writ of habeas corpus is that there was insufficient evidence to adjudicate him guilty. His second argument for is related, and is more problematic for the respondent, so I'll address the two together. Reid claims that there is no evidence that the confidential informant used during the investigation was reliable. He speculates that the informant might be an enemy of his who was lying so that Reid would be punished. That's one possible explanation; another would be that Reid is simply a patsy who the true perpetrator fingered to save himself. Ordinarily, I cannot re-weigh the evidence considered in a prison disciplinary hearing. *See McPherson v. McBride*, 188 F.3d

4

784, 786 (7th Cir. 1999). "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). For this reason the insufficient evidence argument on its own sets a tough row to hoe.

The problem for the respondent in this case is that when prison authorities rely on a confidential record and a confidential informant, different rules apply. The standard is higher for information from undisclosed confidential informants than for the rest of the evidence. In the prison disciplinary context, prison authorities may keep their informants' names from the plaintiff, but in that situation the record needs to reflect that there were adequate indicia of reliability. The Seventh Circuit has delineated the four ways in which an informant's reliability may be demonstrated:

> (1) the oath of the investigating officer as to the truth of his report containing confidential information and his appearance before the disciplinary committee; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that, "he had first hand knowledge of the sources of the information and considered them reliable on the basis of 'their past record of reliability,'" or (4) in camera review of material documenting the investigator's assessment of the credibility of the confidential informant.

*McKinney v. Meese*, 831 F.2d 728, 731 (7th Cir. 1987) (quoting *Wagner v. Williford*, 804 F.2d 1012, 1016 (7th Cir. 1986) (quoting *Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir. 1985), *cert. denied*, 476 U.S. 1142 (1986))). The DHB doesn't need to prove *to petitioner Reid* that the

confidential informant was reliable, or provide any information about confidential informants at all, but that reliability does need to be evident *to this Court* from the record.[1]

The prison has several ways in which it could have done this, yet it availed itself of none of them. I didn't see the words "reliable" or "credible" anywhere in the entire record. The respondent didn't address this issue in its brief. In the interest of maintaining confidentiality I won't go into detail, but the confidential informant's statements to investigators noted in the record sound equivocal, so even the descriptions of the statements don't suggest reliability. That's not to say the investigator and the DHB didn't find the witnesses credible – they must have, to have found Reid guilty – but the record doesn't explicitly reflect that.

At bottom, none of the four methods of ensuring reliability suggested by the Seventh Circuit in *McKinney* have been met here: First, there was no oath by the investigating officer or indication on the Report of Disciplinary Hearing that he appeared before the DHB. (DE 7-6.) Second, there is no evidence linking Reid to this specific incident to corroborate information from the principal confidential witness other than what that witness told another person, and one unreliable statement can't serve to corroborate another unreliable statement (zero plus zero equals zero). Third, there is no statement by anyone on the DHB about the confidential information in fact being reliable. And finally,

---

[1] Prison disciplinary committees in this Circuit have complied with the requirement of making explicit credibility determinations of confidential informants, so it's certainly not an impossible request. *See, e.g.*, *Ball v. Raemisch*, No. 07-cv-0670-bbc, 2008 U.S. Dist. LEXIS 37679, at *4-5 (W.D. Wis. Apr. 30, 2008), *adopted by District Court in* 2008 U.S. Dist. LEXIS 47598 (W.D. Wis. June 17, 2008).

I can't possibly do an "in camera review of material documenting the investigator's assessment of the credibility of the confidential informant" because there is no such material assessing credibility. Such an assessment, if it was made, was implicit. All I have is notes stating the confidential information, and statements ultimately finding that there was sufficient information to hold Reid responsible; the intervening credibility determination was omitted.

Not knowing anything about any of the people involved, I have no idea, based on this record, whether the confidential information fingering Reid is credible, and there are no assessments of reliability in the record to give me an answer. Without some affirmative determination to that effect, as the Seventh Circuit requires, the DHB's barebones adjudication of guilt doesn't cut it. There was clearly contraband in the restroom, and the DHB's simply-stated findings are adequate on that score. But the attempts by the DHB to tie the contraband to Reid are based entirely on confidential informants whose reliability needed to be vouched for in the record in any one of the ways the Seventh Circuit has prescribed. That didn't happen.

The respondent argues that even if there was a due process error, the petitioner must show that error had a substantial and injurious effect on the outcome of the proceeding, and cites *O'Neal v. McAninch*, 513 U.S. 432 (1995). Here, no one argues about whether there was contraband or where it was, just who the intended recipient was. The only evidence linking it to Reid was information from a confidential informant. Reid's

guilty determination turns on the reliability of that information, so the failure to establish reliability had a substantial effect on the outcome.

For the foregoing reasons, the habeas corpus petition is GRANTED. The respondent is ORDERED to reinstate Reid's 60 days of lost good time credit and his credit class.

**SO ORDERED**.

ENTERED: January 9, 2015

/s/ Philip P. Simon
**Chief Judge**
**United States District Court**